IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| ROLAND ROBINSON, #128250, ) ) | |
|           Petitioner, ) ) | Civil Action No. 3:09-1529-JFA-JRM |
| v. ) ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| GREGORY KNOWLIN, ) Warden, ) ) | |
|           Respondent. ) _____) | |

Petitioner, Roland Robinson, ("Robinson"), is an inmate at the South Carolina Department of Corrections serving a sentence of twelve years for distribution of crack cocaine and ten years (concurrent) for distribution of crack cocaine within close proximity to a school. Robinson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on June 10, 2009. Respondent filed a return and motion for summary judgment on August 6, 2009. Because Robinson is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on August 7, 2009 advising him of his responsibility to respond to the motion for summary judgment. Robinson filed his response to the motion on August 21, 2009.

**Background and Procedural History**

Robinson was indicted in Georgetown County in May of 1997. He failed to appear for trial and was convicted by a jury in his absence in October of 1997. A bench warrant was issued for his arrest on October 29, 1997. (App. 13). Over nine years later Robinson was arrested. He appeared before the court on December 1, 2006. The sentence imposed by the trial judge was unsealed. The sentence for distribution of crack cocaine was twenty-five (25) years, but it was reduced to twelve

(12) years. The concurrent sentence for distribution of crack cocaine within close proximity to a school remained ten (10) years. (App. 34-47).

A timely notice of appeal was filed by the South Carolina Office fo Appellate Defense. Counsel ordered transcripts of the trial and subsequent sentencing hearing. An affidavit from the court reporter was filed indicating that the trial transcript was unavailable because the records had been destroyed pursuant to Court Administration guidelines. (App. 5).

Counsel then filed a "Motion for a New Trial" arguing that the destruction of the records denied Robinson his right to an appeal. (App. 1). The State filed a "Return to Motion for a New Trial or in the Alternative, to Remand for Reconstruction Hearing and State's Cross-Petition to Dismiss Appeal." (App. 6). Robinson then filed a "Motion for Remand for a Reconstruction of the Record." (App. 16). On August 20, 2007, the South Carolina Court of Appeals denied Robinson's motion to remand and granted the State's motion to dismiss finding, that "(d)ismissal of the appeal is warranted as an appropriate sanction for appellant's actions in remaining a fugitive for nine years and the accompanying prejudice caused to the State by the delay in perfecting an appeal." (App. 26). Robinson's petition for a rehearing (App. 28) was denied. (App. 32).

Robinson, through counsel, then filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following issue:

> Is appellant entitled to a direct appeal from his convictions at a trial held in his absence when he did not voluntarily waive his presence at trial and was arrested nine years later which resulted in the loss of the trial transcript?

The State filed a return restating the issue as follows:

> Did the Court of Appeals properly dismiss Appellant's appeal as a sanction for Appellant's action in remaining a fugitive for nine years and the accompanying prejudice caused by the delay in perfecting an appeal where the trial transcript is now unavailable and where the unavailability is the direct result of Appellant's fugitive status?

The South Carolina Supreme Court granted certiorari and briefs were filed. The Supreme Court affirmed the decision of the Court of Appeals. *See* State v. Robinson, 09-MO-020 (S.C.S.Ct. April 27, 2009). The Remittitur was returned on May 13, 2009.

On May 20, 2009, Robinson filed an application for post-conviction relief ("PCR"), Robinson v. South Carolina, 2009-CP-22-00747. He alleged "constitutional violations" and ineffective assistance of counsel. The State filed a return. At the time the present petition was filed the PCR was pending. However, Robinson states in his Roseboro return that his PCR was "withdrawn." A records check at http://secure.georgetowncounty.org/publicindex, shows that a consent order of dismissal with prejudice was filed on October 7, 2009.

## Grounds for Relief

In his present petition, Robinson asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Petitioner asserts that he was not given notice to appear at his trial which violated his 6th and 14th Amend. rights.

**Ground Two:** Petitioner asserts he was denied the right to appeal his conviction depriving him of his Due Process rights.

**Ground Three:** Petitioner asserts that the sentencing procedure violated the Double Jeopardy Clause in violation of procedural due process.

**Ground Four:** Petitioner asserts the trial court lacked Jurisdiction over the subject matter in violation of his due process rights.

## Discussion

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories

rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he

can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq*. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[1] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

　　2.　　**Procedural Bypass**[2]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely

---

[1] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[2] This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from

considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. **Excusing Default**

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v.

Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.   Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Grounds 3 and 4 in the present petition have never been presented to the South Carolina appellate courts and are, therefore, procedurally barred. Because Robinson's PCR which was pending when the present action was filed was dismissed with prejudice, any attempt to return to state court to exhaust these grounds would be futile. The South Carolina courts would likely find a

second PCR to be successive and barred under South Carolina law. *See* S.C.Code Ann. § 17-27-90. Further, Robinson cannot show cause and prejudice because he voluntarily elected to dismiss his PCR, i.e., the forum to exhaust these claims under South Carolina law.

Respondent argues that, even though Grounds 1 and 2 were presented to the Court of Appeals in the petition for writ of certiorari, they are procedurally barred "because the state courts' rejection of Petitioner's claims were based on an independent and adequate state law ground, i.e., his willful failure to appear for trial and sentencing, and his remaining as a fugitive for nine years, which prevented appellate review of his trial." (Return, pp. 11-12). Respondent argues that the petition for writ of certiorari was dismissed under South Carolina's fugitive disentitlement rule and is, therefore, procedurally barred.

Federal courts recognize a procedural default and will not review a constitution claim after a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000). A state procedural rule is "adequate" if it is regularly or consistently applied by the state courts. Johnson v. Mississippi, 486 U.S. 578, 587 (1988). The state procedural rule is "independent" if it does not rely on a federal constitutional ruling. Ake v. Oklahoma, 470 U.S. 68, 75 (1985). "Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007), *cert. denied*, __ U.S. __, 128 S.Ct. 647 (2007), citing Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The denial of Robinson's petition for writ of certiorari was "independent" because it in no way rested on constitutional grounds. Instead, it was a sanction imposed because Robinson delayed

the appellate process by remaining a fugitive for more than nine years.

Further, the fugitive disentitlement rule appears "adequate" because it has been consistently applied by the South Carolina courts. South Carolina recognized and adopted the rule in a civil case, Scelba v. Scelba, 342 S.C. 223, 535 S.E.2d 668 (Ct.App. 2000). The court discussed the basis for the rule and held that "(i)n order for an appellate court to invoke the fugitive disentitlement doctrine to dismiss an appeal, two prerequisites must be met: (1) the appellant must be a fugitive; and (2) there must be a connection between the fugitive status and the appellate process the appellant seeks to utilize". *Id.,* at 229. In State v. Serrette, 375 S.E. 650, 654 S.E.2d 554 (Ct.App. 2007), the court applied the fugitive disentitlement rule in the criminal context. The court cited Ortega-Rodriguez v. United States, 507 U.S. 234 (1993), which held that a rule which automatically dismissed an appeal of a former fugitive was improper. The Court of Appeals adopted the language from Ortega-Rodriguez that the fugitive/appellant's actions have "the kind of connection to the appellate process that [justifies] an appellant's sanction of dismissal." Serrette, 375 S.C. at 653 quoting Ortega-Rodriguez, 507 U.S. at 251. The fugitive disentitlement doctrine was again applied in Posner v. Posner, 383 S.C. 26, 677 S.E.2d 616 (Ct.App. 2009). Robinson has cited no South Carolina case in which the doctrine was applicable but not applied.

Robinson has not shown cause and prejudice. Instead he argues that he has exhausted his remedies in state court and that state process is no longer available to him.

**B. Direct Appeal**

Robinson essentially argues in Grounds 1 and 2 that he was denied his right to a direct appeal. Even if these claims were not procedurally barred, he would not be entitled to relief.

The United States Constitution does not require a state to provide a convicted defendant with any appellate review. However, where a state establishes an appellate system, concepts of Due

Process and Equal Protection prohibit the state from discrimination in the process. Griffin v. Illinois, 351 U.S. 12, 18 (1956) (discrimination against indigent appellants prohibited). *See also* United States v. MacCollum, 426 U.S. 317 (1976) and Bounds v. Smith, 430 U.S. 817, 833 (1977). It has long been held that a court may dismiss the appeal of an appellant who is a fugitive during the pendency of the appeal. Smith v. United States, 94 U.S. 97 (1876). Such dismissals are based on different theories, including lack of enforceability and disentitlement to the court's resources. Bohanan v. Nebraska, 125 U.S. 692 (1887) and Molinaro v. New Jersey, 396 U.S. 365 (1970).

In Ortega-Rodriguez, *supra*, the Supreme Court dealt with the dismissal of an appeal of a fugitive who had been recaptured. The court noted that the justification for dismissals of appeals of fugitives did not apply to appeals of "former fugitives," and reinstated the appeal of an appellant who fled and was recaptured less than a year later and before his appeal. However, the court stated:

> (W)e do not hold that a court of appeals is entirely without authority to dismiss an appeal because of fugitive status predating the appeal. For example, the Eleventh Circuit...expressed concern that a long escape, even if ended before sentencing and appeal, may so delay the onset fo appellate proceedings that the Government would be prejudiced in locating witnesses and presenting evidence at retrial after a successful appeal. We recognize that this problem might, in some instance, make dismissal an appropriate response. Ortega-Rodriguez, 507 U.S. at 249. (Citations omitted).

Therefore, the right to an appeal is not absolute. A court may dismiss an appeal where the defendant's absence and fugitive status affects the appellate process. Robinson's nine years as a fugitive resulted in the destruction of the records of his trial. The South Carolina Court of Appeals' dismissal of Robinson's case was certainly justified under these circumstances. Any other action would have allowed Robinson to benefit from his failure to appear for trial and remaining a fugitive.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

December 11, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).