IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| Roland Robinson, #128250, | ) | C/A No. 3:09-1529-JFA-JRM |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Gregory Knowlin, Warden, | ) | |
| Respondent. | ) | |

Petitioner Roland Robinson, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed June 10, 2009. The petitioner is incarcerated in the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he recommends that habeas relief should be denied and the respondent's motion for summary judgment[2] be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation which was entered on the docket on December 11, 2009, but he has not

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner did respond to the motion.

1

done so within the time limits prescribed.

The petitioner was indicted in Georgetown County in May 1997 and a bench warrant was issued for his arrest. After failing to appear for trial, he was convicted by a jury in his absence in October 1997. Over nine years later, petitioner was arrested and he appeared before the court on December 1, 2006. The judge then unsealed the sentence of 12 years and 10 years concurrent for distribution of crack cocaine.

Petitioner filed a timely notice of appeal. However, the trial transcript had been destroyed pursuant to Court Administration guidelines. Counsel for petitioner filed a motion for a new trial and to remand for a reconstruction hearing. The South Carolina Court of Appeals denied the motions on August 20, 2007 finding dismissal of the appeal an appropriate sanction for petitioner's remaining a fugitive for nine years and the accompanying prejudice to the State by the petitioner's delay in perfecting an appeal.

Petitioner then filed a Writ of Certiorari which the South Carolina Supreme Court granted and briefs were filed. Petitioner presented the issue of whether he was entitled to a direct appeal of his convictions at a trial held in his absence when he did not voluntarily waive his presence at trial and was arrested nine years later after the trial transcript had been destroyed. Finding that the petitioner was not entitled to appeal under South Carolina's Fugitive Disentitlement Doctrine, the Supreme Court affirmed the decision of the Court of Appeals and the Remittitur was returned on May 13, 2009. The Court noted that it affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Serrette*, 375 S.C. 650, 654 S.E. 2d 554 (Ct. App. 2007).

On May 20, 2009, petitioner filed an application for Post-Conviction Relief (PCR) alleging constitutional violations and ineffective assistance of counsel. As noted previously in this order, petitioner's federal habeas action was filed on June 10, 2009. In his response to respondent's motion for summary judgment, petitioner noted that his federal habeas petition was pending while the PCR was pending, and that he consented to dismissal with prejudice of his PCR on October 7, 2009.

The petitioner asserts four Grounds before this court:

(1) He was not given notice to appear at his trial which violated his Sixth and Fourteenth Amendment rights;

(2) He was denied the right to appeal his conviction depriving him of his Due Process rights.

(3) The sentencing procedure violated the Double Jeopardy Clause in violation of procedural due process; and

(4) The trial court lacked jurisdiction over the subject matter in violation of his due process rights.

As the Magistrate Judge notes in his Report, Grounds 3 and 4 have never been presented to the South Carolina appellate courts and are therefore procedurally barred. Because petitioner's PCR was pending when the present action was filed and he consented to its dismissal with prejudice, any attempt to return to state court to exhaust these grounds would be futile and possibly considered successive and barred under South Carolina law. *See* S.C. Code Ann. § 17-27-90. Moreover, petitioner cannot show cause and prejudice because he voluntarily elected to dismiss his PCR.

As to Grounds 1 and 2, the respondent argues that although these Grounds were properly presented to the Court of Appeals, they too are procedurally barred because the state court's rejection of his claims was based on an independent and adequate state law ground, *i.e.*, petitioner's willful failure to appear for trial and sentencing and his remaining a fugitive for nine years preventing appellate review of his trial. Respondent also contends that the petition for writ of certiorari was dismissed under South Carolina's Fugitive Disentitlement Doctrine and such grounds are therefore procedurally barred.

Federal courts recognize a procedural default and will not review a constitutional claim after a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule. *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000). A state procedural rule is "adequate" if it is regularly or consistently applied by the state courts. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). A state procedural rule is "independent" if it does not rely on a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). "Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 20017), citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As the Magistrate Judge correctly opines, the denial of petitioner's writ of certiorari was "independent" because it did not rest on federal constitutional grounds. Instead, it was a sanction imposed on petitioner because of delaying the appellate process by being a fugitive for more than nine years.

4

The Magistrate Judge further suggests that the Fugitive Disentitlement Doctrine appears to be "adequate" because it has been consistently applied by the South Carolina courts. The Magistrate Judge noted several cases of this rule's application. In *Scelba v. Scelba*, 342 S.C. 223 (Ct.App. 2000), the court discussed the basis for the rule holding that "(i)n order for an appellate court to invoke the fugitive disentitlement doctrine to dismiss an appeal, two prerequisites must be met: (1) the appellant must be a fugitive; and (2) there must be a connection between the fugitive status and the appellate process the appellant seeks to utilize." *Id*. at 229.

In *State v. Serrette*, 375 S.C. 650 (Ct.App. 2007), the court applied the Fugitive Disentitlement Doctrine in the criminal context. The court cited *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993), which held that a rule which automatically dismissed an appeal of a former fugitive was improper. The South Carolina Court of Appeals adopted the language from *Ortega-Rodriguez* that the fugitive/appellant's actions have "the kind of connection to the appellate process that [justifies] an appellant's sanction of dismissal." *Serrette*, 375 S.C. at 653 quoting *Ortega-Rodriguez*, 507 U.S. at 251. The South Carolina Court of Appeals also applied the Fugitive Disentitlement Doctrine in *Posner v. Posner*, 383 S.C. 26 (Ct.App. 2009). Further, the petitioner has cited no South Carolina case in which the Fugitive Disentitlement Doctrine was applicable, but not applied. Neither has petitioner shown cause or prejudice to overcome his procedural default, nor does he rely on the doctrine of actual innocence.

As the Magistrate Judge correctly notes, even if Grounds 1 and 2 were not procedurally barred, petitioner would not be entitled to relief. It has long been held that a

5

court may dismiss the appeal of an appellant who is a fugitive during the pendency of the appeal. *Smith v. United States*, 94 U.S. 97 (1876). The Supreme Court has also recognized more recently that a court of appeals has some authority to dismiss an appeal due to a fugitive status predating the appeal. *Ortega-Rodriguez*, 507 U.S. at 249.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 26, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge